THE UNION STOCK YARDS AND TRANSIT COMPANY

*v.*

JOSEF KARLIK.

*Opinion filed December 22, 1897.*

1. EVIDENCE—*what proof not necessary to support allegation that the injury occurred in a public street.* To support an allegation that the place of the plaintiff's injury was in a public street it is not necessary that a plat or other documentary evidence should be introduced, nor the legal existence of the street shown by proof of dedication or prescription.

2. SAME—*what sufficient to go to jury as tending to prove that injury occurred in a public street.* Statements of witnesses that plaintiff's injury occurred in a public street, naming it, and that hundreds of people passed along there daily, are sufficient to go to the jury as tending to show that the injury occurred in a public street, although it appears from their testimony that there were no sidewalks, and that the entire space for several blocks was occupied by railroad tracks, and that only foot passengers traveled there.

*Union Stock Yards Co.* v. *Karlik,* 68 Ill. App. 604, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding.

FRANK O. LOWDEN, and ROBERT MATHER, for appellant.

JONES & LUSK, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee brought this action on the case, against appellant, in the Superior Court of Cook county, to recover damages for the loss of his left arm through the negligence of its employees. On the trial he recovered a judgment for $2000 and costs of suit, which the Appellate Court affirmed.

Each of the four counts of the declaration alleges that the accident occurred on Loomis street, in the city of Chicago, upon which plaintiff was walking, exercising due care, etc. The act of negligence charged against the employees of the company in the first count is, failing to ring a bell as required by a city ordinance; in the second, starting a locomotive and train of freight cars without ringing the bell or sounding the whistle; in the third, failure to have a brakeman stationed on the rear car of the train while backing toward plaintiff; and in the fourth substantially the same as in the third. The plea was, not guilty, and the trial by jury. At the close of all the evidence the defendant submitted an instruction to the jury to find the defendant not guilty, which was refused.

There is no controversy as to the fact that plaintiff was run against, thrown down and his left arm run over by a freight car pushed backward on one of the defendant's tracks, between Forty-third and Forty-second streets, in the city of Chicago, so mangling the arm as to render amputation at or near the shoulder joint necessary, and it is admitted by plaintiff that at the time he was struck he was walking upon or across the railroad tracks.

The defendant offered no evidence whatever upon the trial, and no claim is made that the court erred in the admission of that offered by the plaintiff, nor is it contended that error was committed upon the trial in the giving or refusing of instructions, except in refusing the peremptory instruction to find for the defendant. The questions for our decision therefore arise on that refusal.

Plaintiff's case, as made by his declaration, is, that the place where he was injured was a public street, upon which he had a lawful right to be, and that the defendant is liable for all damages resulting to him from, the injury, if it was occasioned by the defendant's negligence, as charged, he being in the exercise of due care. Appellant insists the peremptory instruction should have been given because the proof wholly failed to prove that the plaintiff used due and proper care to avoid the injury, and particularly because there is no proof in the record tending to establish the alleged fact that he was upon a public street when struck.

We do not think that the first contention demands extended notice. If the plaintiff was lawfully upon the defendant's track when struck, it cannot, we think, be said that there was not sufficient evidence of care on his part to make it a question properly for the jury.

We agree with counsel that there is not such proof in this record as ought to charge the defendant company with willful or wanton conduct, or gross negligence amounting to willfulness or wantonness. Therefore plaintiff could not recover without proof that he was at the time lawfully upon the track. The controlling question must therefor be, is there any evidence in the record fairly tending to prove that he was injured while upon a public street.

The general direction of the defendant's tracks at the place of the injury is north and south. They are crossed by Forty-second street, and one block south by Forty-third street, both running east and west. The streets in that part of the city running east and west are numbered from the canal south, the first being Fortieth street, the next Forty-first, the next Forty-second, the next Forty-third, and so on to Forty-seventh. It seems clear enough from the evidence that Loomis street extends north from Forty-seventh to Forty-fifth street, and from the north side of the canal northward. From Forty-fifth street

north to Fortieth the defendant's tracks are laid, as we understand the evidence, on a line with Loomis street, north and south, and the question is, does the street extend over the space occupied by the tracks.

One Josef Kasperek, testifying on behalf of plaintiff, said: "I saw him get hurt, about four years ago, on Loomis street, between Forty-second and Forty-third streets. The accident happened on Loomis street, between Forty-second and Forty-third streets." In answer to the question, "State whether that street is used by the public as a highway for people to pass on," he said: "Well, there are people passing there all through the day. There is an average of 1800 to 2000 people passing along there each day, going to and from work." On cross-examination he was asked, "You don't know, of your own knowledge, that it is a public street?" and answered, "It is always called——" but was stopped by counsel for defendant, and what he had said was stricken out as not responsive to the question; whereupon, on being required to again answer, he said, "no." On re-direct examination he was asked, "What makes you call it Loomis street?" but an objection to the question was sustained, on the ground, as stated by the court, "if he did not know, it was immaterial what made him call it Loomis street." Plaintiff, testifying on his own behalf, was asked, "Where did this accident occur, Mr. Karlik?" and he answered, "Between Forty-second and Forty-third streets, on Loomis." On cross-examination he said there was no planking along said tracks south of Forty-second street. Kasperek, being re-called, was asked by the court, "Is the space between Forty-third street on the south and Forty-first street on the north used for any other purpose except railway tracks?" and answered, "People walk that way." In answer to the question, "Any teams go along there?" he stated no teams went along there and that there were no sidewalks. Another witness testified from 1600 to 2000 people passed over the place daily, going to and return-

ing from work, and had done so to his knowledge for several years. It was shown that there are four railroad tracks there, about nine feet apart. The one on the west is called Nels Morris' switch or side-track; the next, the Union Stock Yards and Transit Company's switch track; the next, the Stock Yards track, and the one farther east, Armour's switch track. Morris and Armour each had buildings along their tracks, from which they loaded cars.

The foregoing is all the testimony, so far as we have been able to discover or which has been pointed out, tending to prove that the place of the accident was in a public street. It must be admitted that it is meager and unsatisfactory. But that is not the question with which we have to deal. If, with all its reasonable inferences and intendments, the evidence tends to prove the existence of a public street at the place, we cannot say, as a matter of law, that the trial court erred in not directing the jury to find for the defendant.

What is competent proof of the existence of a public street or highway in a case like this? It has never been held that the introduction of a plat or other documentary evidence that a street has been legally laid out and opened, or that it has been established by dedication or prescription, is necessary. Any proof which tends to show that it is used and called or recognized as a public street is competent. (*Chicago and Alton Railroad Co.* v. *Heinrich*, 157 Ill. 388.) Generally it is sufficient to prove that the injury occurred on a certain street by name, as "State street," "Clark street," etc. Here plaintiff, and another testifying on his behalf, expressly state that the accident occurred on Loomis street, but it is insisted that the fact that they speak of the place as Loomis street amounts to nothing, because they show, on cross-examination, that they had no personal knowledge of the existence of the street. A witness may not, in one sense, know, of his own knowledge, of the location of a street, and yet be warranted in calling it a street. If the question was whether

it had been legally established, few witnesses could say they know, of their own knowledge, of its existence, however public it might be; but the question being as to its use, and whether it was so recognized, they could very properly say it was a street. In this case we think the statements of these witnesses that the accident occurred on Loomis street are competent testimony tending to show that the *locus in quo* was in a public street, and that the cross-examination of the witnesses did not have the effect to entirely destroy the tendency of their statements.

But we think the evidence of the witnesses who testified as to the use of the streets north and south of the place of the injury, and that large numbers of people passed over that place daily, also tended to prove that it was a public street. In the absence of anything to indicate that the railroad tracks were put down between Forty-fifth street and the canal before Loomis street was laid out, it may reasonably be inferred the street was laid out continuously, extending between those streets; and it being competent to prove the existence of a street, in this class of cases, by evidence showing that it is so used, testimony that 1500 to 2000 people walked along there each day tended to show there was a public street at that place. That such travel was only by people on foot would make the evidence of less weight than if it had been shown that it was also traveled by teams and vehicles, but would not render it incompetent. And the same is true as to the fact that sidewalks had not been constructed on it at that place. The number and location of the railroad tracks, as well as the character of the business on either side of those tracks, tend to show that teams could not conveniently pass over it, and that there was no necessity for their so doing.

The doctrine of *Wabash Railroad Co.* v. *Jones*, 163 Ill. 167, and of the authorities on which the case is based, can have no proper application to the question involved here. The question in those cases was whether the mere fact

that persons were in the habit of wrongfully using the railroad right of way and tracks as a foot-path justified the injured parties in being there, or changed their positions from that of trespassers to that of persons rightfully on the tracks, and it was held it did not. Thus it was said in the *Godfrey case,* 71 Ill. 500 (on p. 507): "Because the company did not see fit to enforce its rights and keep people off its premises, no right of way over its ground was thereby acquired. It was not bound to protect or provide safeguards for persons so using its grounds for their own convenience." And in *Illinois Central Railroad Co.* v. *Hetherington,* 83 Ill. 510, it was said (p. 513): "The fact that persons residing in the locality where the accident occurred had been in the habit of traveling upon the right of way of the defendant, and no measures had been taken to prevent it, did not change the relative rights or obligations of the deceased or the railroad company." To the same effect are *Blanchard* v. *Lake Shore and Michigan Southern Railroad Co.* 126 Ill. 416, and *Illinois Central Railroad Co.* v. *Noble,* 142 id. 578.

The plaintiff in this case did not attempt to justify his being upon the track of the defendant upon the ground that others had been in the habit of passing over the same. His averment was that the place was in a public street, and the evidence that many persons had daily passed over it was for the purpose of proving that averment. His theory was, that neither he nor the many others who passed over the ground were trespassers, but rightfully there. Under the issues in the case, testimony that hundreds of persons traveled over the place of the injury was competent, as tending to prove that it was a street, and we think it tended to do so.

In our opinion the trial court did not err in refusing to take the case from the jury. The judgment of the Appellate Court will be affirmed.   *Judgment affirmed.*