Dorothy L. Boss, by J. R. Boss, Plaintiff in Error, v. Illinois Central Railroad Company, Defendant in Error.

1. RAILROADS AND BRIDGES, § 21*—*when presumed that way over railroad was used as public street.* Proof that a way over a railroad in a city was platted as a street; that although the crossing was not planked as other streets for the use of teams and vehicles, it had been in constant use for 40 years by persons traveling across the railroad at such point and occasionally by vehicles; that it was recognized as a street by the city by the enactment of an ordinance requiring a watchman at such point, and that the railroad maintained a watchman there for a number of years but the practice had been discontinued prior to the injury to plaintiff—a child, who used the way in going to and from school—by one of defendant's trains, raised a presumption that the way was a public street.

2. RAILROADS, § 703*—*when violation of speed ordinances creates prima facie case of negligence.* Proof that a railroad train is run at a rate of speed in violation of city ordinances, when it strikes a 6-year-old child at a point used in crossing the tracks by the public for such a period as to raise the presumption that it is a public street, creates a prima facie case of negligence, if such violation caused the injury.

3. RAILROADS, § 750*—*when question for jury whether violation of speed ordinances in operation of train caused injury to plaintiff.* In an action against a railroad company to recover for the negligent injury of a child at a place used as a crossing and claimed to be a public street, *held* that it was a question for the jury whether the violation of speed ordinances caused the injury to plaintiff.

Error to the Circuit Court of Effingham county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Boss v. Illinois Central Railroad Co., 210 Ill. App. 668.

October term, 1917. Reversed and remanded. Opinion filed April 5, 1918. Rehearing denied June 22, 1918.

A. H. RANES, for plaintiff in error; HARRY F. BREWER, of counsel.

EDWARD C. CRAIG, DONALD B. CRAIG and PARKER & RICKELMAN, for defendant in error; JOHN G. DRENNAN, of counsel.

MR. JUSTICE HIGBEE delivered the opinion of the court.

At the close of the plaintiff's evidence the court directed the jury to return a verdict for the defendant, which was accordingly done and judgment rendered against the plaintiff for costs, which the plaintiff· seeks to set aside by this writ of error.

The declaration charges in the first and second counts that the defendant's railroad was maintained and operated across a certain public street and highway in the City of Effingham known as Planters avenue, and that while the plaintiff, who was an infant of the age of, to wit, 6 years, was walking along upon said street at the intersection of said railroad in the exercise of due care for her own safety, the defendant carelessly, negligently and improperly managed and operated a certain locomotive engine on said railroad track and by reason of such careless, negligent and improper conduct then and there struck the plaintiff with great force and violence and injured her, etc.

By the third count it is charged that the defendant negligently operated its said locomotive at a high and dangerous rate of speed, to wit, of the speed of 30 miles per hour.

By the fourth count it is charged that the defendant operated said locomotive engine without ringing any bell or sounding any whistle or giving any warning or notice of its approach.

The negligence charged in the fifth count is that the defendant negligently failed to keep and maintain a flagman at the crossing of said railroad tracks on said Planters avenue, or to keep and maintain cross-bars or gates to guard the approach of said railroad tracks upon either side thereof upon said street, as required by the ordinance of the City of Effingham.

By the sixth count it is charged that the defendant operated its train across the said street at a greater rate of speed than 6 miles per hour, to wit, at a speed of 30 miles per hour, contrary to the provisions of an ordinance of the City of Effingham.

By the seventh count it is charged that the defendant operated its locomotive without ringing a bell or sounding a whistle before reaching said Planters avenue as required by statute.

By the eighth count it is charged that the defendant was operating its locomotive at a higher rate of speed than was permitted by the ordinances of the City of Effingham over and across said Planters avenue.

By the ninth count it is charged that the defendant wilfully and wantonly, and with gross disregard of the safety of the plaintiff, operated its locomotive engine across the public street and highway of the City of Effingham known as Planters avenue.

By the additional count it is charged that the defendant operated its locomotive across the public street known as Planters avenue, and failed and neglected to keep a flagman at the said crossing, contrary to the provisions of the ordinances of the City of Effingham, which ordinances are set out in full.

A further additional count was filed alleging that the plaintiff was walking upon and across the tracks of the defendant at a place where children living on the west side of the tracks and right of way of defendant attended the public schools, and that divers other persons crossed said tracks at morning, noon

and night at a place where defendant had permitted children and divers other persons to pass across said tracks for a period of upwards of 20 years; that while the plaintiff was crossing the said track the defendant operated its locomotive recklessly, wilfully, wantonly and at a great and dangerous rate of speed.

Each of said counts concluded with the declaration that by the reason of the negligent acts so alleged the defendant struck and injured the plaintiff while she was in the exercise of due care for her own safety for one of her age and experience.

The plaintiff in error, hereinafter called plaintiff, contends that the court erred in directing a verdict for the defendant because the evidence fairly tends to prove negligence upon the part of the defendant. The defendant in error, hereinafter called defendant, insists that the court was justified in its action because it appears that the plaintiff was a trespasser and was not injured while crossing defendant's railroad at a public street or highway, and that it was not guilty of wanton and wilful injury of the child.

The principal question in dispute and the only one that we deem it necessary to consider is, "Did the evidence fairly tend to prove that the place at which plaintiff was injured was a public street in the City of Effingham?" If so, then the plaintiff was not a trespasser and the evidence submitted fairly tended to prove the defendant's negligence, and the question of defendant's liability should have been submitted to the jury to determine. Plaintiff was injured on what some of her witnesses called Planters street, or Planters avenue. It appears that this part of Effingham was laid out by Andrew J. Galloway in September, 1855; that a plat with certificate attached was made by him on which is shown Kentucky avenue, Virginia avenue and Planters avenue, together with other streets and avenues. All are shown alike upon the plat. It appears from the testimony of several

witnesses that Kentucky, Virginia and Railroad avenues were planked where they crossed defendant's railroad. It further appears that Planters avenue had not been planked for the use of teams and vehicles, but it does appear that it had been in constant use by persons traveling from that part of the street east of the railroad to that part west of it and vice versa for 40 years last past, and that it was known as Planters avenue. A cinder walk for the convenience of foot passengers had been made upon each side of the railroad track and used by such persons as desired to pass that way to cross the tracks. Occasionally teams and persons on horseback crossed over the tracks at this place, but it was not a good crossing for vehicles. The place at which the injury occurred was recognized by the city authorities, the public and, we think, by the defendant as one of the streets of the City of Effingham and as a street crossing of the defendant's railroad. On March 29, 1902, and again in 1909, the City Council of the City of Effingham passed an ordinance requiring defendant to place a flagman or erect gates at the crossing of its road of Fayette avenue, Railroad avenue and Planters avenue. Building lots were laid out and houses erected fronting on Planters avenue upon both sides of defendant's railroad, except as to the fractional blocks adjoining the railroad right of way. At the time that the City of Effingham passed an ordinance requiring flagmen to be placed upon the several streets, gates were erected at Railroad avenue and Kentucky avenue and a tower was erected upon the south side of Planters avenue, and the evidence tends to show that for several years a watchman was kept at Planters avenue who directed the children or persons attempting to cross the railroad track on said avenue and advised them when to stop and when to pass over; but the evidence shows that this watchman had not been kept at the crossing for several years prior to the injury of

plaintiff. The defendant strenuously insists that this evidence, with all reasonable inference that might be drawn therefrom, does not tend to show this to be a public highway but only tends to prove that individuals cross the track from time to time without any right, and that its use was not of the character necessary to make it a public crossing. Counsel for defendant insists that the case of *James v. Illinois Cent. R. Co.,* 195 Ill. 327, is conclusive of the case at bar, but we do not regard this case as at all parallel. As we read the *James* case, *supra,* the Woodlawn avenue referred to ran parallel with and over the railroad, and that the injured in that case was traveling parallel with the road, and the court says: ''The place where the injury occurred is a mesh of railroad tracks.'' And it also appears that several roads at or near this point crossed the defendant's road, and the court, in describing the location, further says: ''At the place she was, there is no evidence showing that there was any walk or crossing over the tracks, nor is any reason shown why she sought or attempted to cross at that particular place.'' This case is wholly different, as here it had been recognized by the public authorities and the defendant at times as a public crossing. Houses were built fronting upon this street on both sides of the railroad. A cinder walk had been made, by some one, extending almost, if not entirely, across the railroad tracks and was in constant use every day by travelers in the City of Effingham and was a connecting link between the street east and the one west of the railroad. It is also contended that the mere use of a crossing for 15 years or more is not sufficient to create a prescriptive right, and authorities are cited to sustain this proposition, which, standing alone and under some conditions, would be correct, but where it is a connecting link between two streets and used for the purpose of facilitating the travel upon the two ends of the street and has been continuously used in

this manner for 40 years, we think that the rule would be wholly different. At least it will raise a presumption that it is a public crossing and calls upon the defendant to explain and show some reason why such use under such circumstances does not constitute a prescriptive right. In the case of *Thorworth v. Scheets,* 269 Ill. 580, the court, in that opinion, says: "Where the use of a way has continued for the period prescribed by statute or for the period designated by the common law, the authorities usually hold that a right by prescription rests upon the presumption that the way has been laid out theretofore by competent authority. * * * In *City of Chicago v. Borden,* 190 Ill. 430, this court quoted with approval the rule that the public use of land for the period of 20 years as a highway, unexplained, will raise the presumption, without any positive agreement from the landowner, that it was done with his acquiescence, adversely and under a claim of right; and this is the general rule. After an uninterrupted use for the requisite period of enjoyment the owner of the land has the burden of proving that the use of the land was under some license, indulgence or special contract inconsistent with a claim of right by the other party." The evidence certainly tends to show that the place in question was used by the public and the railroad jointly, and so far as we can see there is nothing that shows a superior right of the railroad company over the public to use this place, and when it was shown that the *locus in quo* was openly used jointly by the railroad and the public, then it certainly devolved upon the defendant to show that it had a superior right. *Chicago & A. R. Co. v. O'Neil,* 172 Ill. 527.

Many authorities have been cited by counsel for defendant to the effect that the mere use of a place across its track for the requisite number of years would not give a prescriptive right. We have examined many of these cases and find that in most of them

they were at places not in any manner connected with the street or highway crossing the railroad, or were where injuries occurred to persons traveling longitudinally on the railroad, or were under such other conditions or circumstances as would not reasonably induce a belief that they were at a public crossing. The Supreme Court, in the case of the *Village of Peotone v. Illinois Cent. R. Co.*, 224 Ill. 101, says:. "It cannot be seriously contended that, so far as the public was concerned, it was not claiming to be exercising a right in traveling over this road as a highway. The manner and extent of the use, the expenditure of public moneys thereon and the building of the town with reference thereto, all conclusively show that the public regarded it as a public highway." The Supreme Court in the case of *Union Stock Yards & Transit Co. v. Karlik,* 170 Ill. 403, 407, says: "It has never been held that the introduction of a plat or other documentary evidence that a street has been legally laid out and opened, or that it has been established by dedication or prescription, is necessary. Any proof which tends to show that it is used and called or recognized as a public street is competent. * * * Generally it is sufficient to prove that the injury occurred on a certain street by name, as 'State street,' 'Clark street,' etc." And in the same case, the Supreme Court, later on in summing up the effect of the testimony of the witnesses that the accident occurred on a particular street, says: "In this case we think the statements of these witnesses that the accident occurred on Loomis street are competent testimony tending to show that the *locus in quo* was in a public street, and that the cross-examination of the witnesses did not have the effect to entirely destroy the tendency of their statements." Whatever the result may be upon a final hearing as to whether or not this was a public crossing, the evidence introduced, with its reasonable intendments, certainly was sufficient to require the

defendant to show that after an uninterrupted use of this crossing for 40 years it was so used under some license, indulgence or special contract , inconsistent with the claim of right of the public. As we understand the contentions of the appellee, it is not seriously insisted that if this was a public crossing it was not guilty of such negligence as would require a submission to the jury, but, even if it did so contend, the evidence tends to show that the train was being run at a rate of speed in violation of the ordinances of the city and this of itself would create a prima facie case of negligence, if such violation caused the injury to the appellant, and this was a question of fact that should have been submitted to the jury. *United States Brewing Co. v. Stoltenberg,* 211 Ill. 531.

After a careful examination of this record we are of the opinion that the trial court erred in directing a verdict for the defendant, and the judgment of the lower court will be reversed and the cause remanded for a further trial consistent with the findings herein.

*Reversed and remanded.*