Country Life Insurance Company, an Illinois Corporation, Plaintiff-Appellant, v. Bernadine C. Goffinet, Defendant-Appellee.

Gen. No. 11,102.

Fourth District.

December 8, 1969.

Rehearing denied January 28, 1970.

Greanias & Owen, of Decatur (Robert D. Owen, Marshall A. Susler, and Jeffrey C. Taylor, of counsel), for appellant.

Rosenberg, Rosenberg & Bickes, of Decatur (Emanual Rosenberg, Joseph L. Rosenberg and Wayne L. Bickes, of counsel), for appellee.

CREBS, J.

Plaintiff, Country Life Insurance Company, brought action for declaratory judgment. It sought a determination that its insured, J. Everett Goffinet, did not die as a result of accidental injuries within the meaning of its insurance contracts. After answer was filed, plaintiff moved to dismiss the suit. This motion was denied. Cause was tried by a jury which returned a verdict in favor of the defendant, Bernadine Goffinet, beneficiary under said contracts. This appeal is from that verdict and the judgment entered thereon.

On review the appellant alleged error in the following matters: the sufficiency of the evidence, the ruling on the motion to dismiss, the rulings on admission of evidence, and the instructions to the jury.

J. Everett Goffinet, aged 58, was found dead in his home at approximately four o'clock January 12, 1967. Earlier that day he had been active and in apparent good health. He had a laceration and abrasion over the left eye and the bridge of his nose and some scratches on his fingers, where he wore a large ring. He had no such marks upon his face or hands when last seen alive about an hour and a half earlier. The coroner was called and he had an autopsy performed by Dr. Brosius. Dr. Brosius testified that upon opening the cranial cavity, he was able to view a hairline fracture in the middle of the cranial fossa approximately an inch long, which extended partially up the wall of the orbit on the right side. A small area of hemorrhage was found inside the skull in the area of the skull fracture. In examining the brain stem, he noted a small tumor on the dorsal aspect of the medulla oblongata, which he described as an astrocytoma, grade two. The tumor was the size of a pencil eraser. Grade indicates the rate of growth of the tumor, grade two being a tumor that grows slowly. An examination of the tumor showed nothing indicating any hemorrhage or sudden increase in size or swelling that was of recent origin. Dr. Brosius gave his opinion as to the cause of death as cerebral concussion. He further stated that, in his opinion, the injury to the skull was traumatic in origin and that decedent lived for at least a short period after receiving the blow as indicated by the development of the swelling.

There was other medical testimony. One doctor called by plaintiff gave his opinion that the cause of death was the astrocytoma. There was a great deal of conflict in the evidence as to certain points and the conclusions that could be drawn therefrom. There was evidence that the deceased had experienced no previous difficulty as a result of the astrocytoma. Decedent was found undressed in bed. The house was in order. There was

341

medical testimony that the blow, which caused the skull fracture, would render decedent unconscious.

▌ Plaintiff argues that there is no evidence of any accident to Mr. Goffinet and no set of circumstantial facts from which any such accident can be inferred. We disagree. When a person in apparent good health who is actively carrying on his usual affairs is found after an interval of an hour and a half, dead with his skull fractured, an accident can readily be inferred. In addition to these physical facts, some of the medical testimony supports the jury's verdict. It is not necessary that all the evidence be accepted and reconciled by the jury. The jury heard the witnesses and it is their function to determine which witnesses are worthy of belief. We find that there was sufficient evidence for the case to go to the jury and that their verdict is not against the manifest weight of the evidence.

▌ As regards the refusal of the court to allow plaintiff to dismiss the action, it is the position of the defendant that in a well pleaded action for declaratory judgment, an answer is a counterclaim. It would appear that it should be so treated in this case. The answer filed by defendant concluded with a prayer for the relief which was actually granted.

▌ Plaintiff, on cross-examination of Dr. Brosius and Dr. Glenn, attempted to show that an astrocytoma would cause death. The court sustained objections to this testimony. We find this ruling to be correct. The matter in issue was the cause of death. The fact that this tumor would eventually cause death was not material and could be prejudicial matter to bring before a jury. Dr. Glenn was asked on cross-examination to assume facts not in evidence and answer hypothetical questions based on such facts. Objection to these questions was sustained even though it was

suggested that evidence of these facts would be forthcoming. However, there was no formal offer of proof as to this testimony. The court refused an offer of proof of certain testimony of Dr. Voris. Dr. Voris had previously testified that in his opinion the astrocytoma was the cause of death; thus, the error, if any, in this ruling was not reversible error. Objection is also made to the refusal of the court to allow impeachment of witness David Rankin as to the place where he made a phone call. Under the circumstances, it was not material where the call was made and the court properly refused to allow the attempted impeachment on an immaterial statement. Plaintiff also alleges that the court erred in refusing to reopen the case during the conference on instructions to allow them to introduce the double indemnity certificates in evidence. The right to reopen after resting is in the sound discretion of the court. We find no abuse of discretion here.

 Appellant has further objected to the refusal of three of its tendered instructions and the giving of three of defendant's instructions. We will comment on these briefly. Plaintiff's No. 2 and No. 5 contain elements concerning which there is no proof in the record. Plaintiff's No. 5 also contains the exact language of the insurance policy, which is not a plain and concise statement. Plaintiff's No. 6 singles out one point and concludes "cannot recover and your verdict should be for . . . ." It was properly refused. Of the given instructions, Defendant's No. 17 is to the same effect as the issues instruction given the jury on voir dire by agreement and Plaintiff's No. 1. Hence, plaintiff is precluded from objecting. Defendant's No. 16 properly states the presumption against suicide. The suicide issue was injected into the trial even though there is no real evidence thereof. In such a situation defendant is entitled to have the instruction given. Defendant's No.

343

8 requires a preexisting disease or infirmity to be a proximate cause of the death if it is to prevent the death being accidental. Taken in connection with the other instructions, we find that the jury was properly instructed in this case.

Finding no reversible error, judgment is affirmed.

TRAPP, P. J. and CRAVEN, J., concur.