(No. 34129.—

JOHN E. STEVENSON *et al.,* Appellees, *vs.* EDWIN LESTER MEYER, Appellant.

*Opinion filed January 24, 1957.*

336

Mudge and Mudge, of Edwardsville, for appellant.

John R. Sprague, of Belleville, and George Griggs, of Lebanon, for appellees.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

John E. Stevenson and Edward T. Midgley filed suit in the circuit court of Madison County to enjoin Edwin Lester Meyer from obstructing a certain roadway and to recover damages. The cause was referred to a master, who heard the evidence and recommended a decree for the plaintiffs. Exceptions to the master's report were overruled, and a decree was entered granting the injunction and awarding the plaintiffs damages in the sum of $300. Defendant appeals directly to this court, a freehold being involved.

The decree found that the roadway in dispute, running east and west along the south 16 feet of defendants 57-acre tract of land, had become a public road by adverse use as such for more than the statutory period. The question on this appeal is whether the decree is supported by the pleadings and proof. Defendant's tract lies on the west side of a township road which runs north and south. Plaintiff Midgley owns a 40-acre tract immediately west of defendant's property. It consists principally of timber land and a swamp or lake used for hunting and fishing purposes. It is improved with a one-room house, which a tenant has occupied as a residence for 37 years. The roadway involved here is about a quarter of a mile in length. It starts at the township road and extends west across the south edge of defendant's tract of land into Midgley's property. It also provides access to a cemetery located south of Midgley's land. It consists of a dirt road which has been repaired from time to time with rock and cinders. On October 11, 1954, defendant obstructed the road by plowing it up and placing brush and rubbish thereon. He later erected a gate across the place where it joined the township road on the east side of his property.

The record does not disclose the origin of the road, but some 15 witnesses on plaintiffs' behalf testified to its use for various purposes over periods of time ranging from 28 to 69 years. The road is the only means of access to the cemetery and to the Midgley property, and the evidence is that persons using it did so as a matter of public right. It would serve no useful purpose to set forth here the testimony of individual witnesses. It is not denied that the road has been traveled during a long period of time by the tenant on the Midgley property and by many other persons; nor is it claimed that anyone ever requested permission to do so.

Under the law of this State any road which has been used by the public as a highway for 15 years becomes a

public highway. (Ill. Rev. Stat. 1955, chap. 121, par. 152.) In applying the statute, the test is not the number of persons actually using the road but the character of the use, namely, whether or not the public generally have had the free and unrestricted right to use it. (*Verh* v. *Morris*, 410 Ill. 206; *Mudge* v. *Wagoner*, 320 Ill. 357.) Where a road is shown to have been openly and notoriously used for the statutory period by members of the public as frequently as they have occasion to do so, and where the amount of travel considered with reference to the surrounding circumstances shows that they claim a right to use it as and for a highway, there is a presumption of a grant or a way by prescription. (*Verh* v. *Morris*, 410 Ill. 206; *Van Amburg* v. *Reynolds*, 372 Ill. 317; *Phillips* v. *Leininger*, 280 Ill. 132, 140.) In such cases the burden is on the party who denies the existence of a public highway to show that the use was under some license or indulgence inconsistent with a claim of right by the public. *Mudge* v. *Wagoner*, 320 Ill. 357.

There is nothing in the present record in indicate that permission was ever sought or given for the use of this road. The mere fact that no objection was made is not enough to show the use was permissive. (*Verh* v. *Morris*, 410 Ill. 206; *Lee* v. *Dickman*, 316 Ill. 529.) We have carefully examined the evidence, and conclude it sufficiently sustains the finding that use of the road by the public has been adverse and continuous, without permission from the owner, for more than 60 years.

Except for a mere statement that the evidence falls short of the necessary proof to establish a public road defendant does not argue the sufficiency of the evidence, nor does he point out wherein it fails to support the decree. His argument is confined to a contention that since the complaint alleges a private easement by adverse possession, it cannot justify the decree finding the existence of a public highway by user. The rule is invoked that where a plain-

tiff fails to prove the cause of action alleged in his complaint he is not entitled to recover, although the facts actually proved would have entitled him to relief had his complaint been framed on a different theory. The complaint in the case at bar alleges that "Plaintiffs have had continuous, uninterrupted and peaceable use of this right of way, adverse to the right of the defendant and his predecessors in title, since the year 1914 and prior time thereto." Relief is prayed that defendant be enjoined from maintaining a gate or other obstructions, and that plaintiffs be awarded damages and other relief deemed necessary by the court.

There can be no doubt that plaintiffs claimed their right by adverse use, and that defendant understood the essential nature of the claim. The conclusion in the complaint that the facts alleged created a private easement could not mislead the defendant, nor does he show wherein it has resulted in prejudice. The factual matters of adverse and uninterrupted use for more than twenty years were the ones defendant was called upon to controvert, and they were amply supported by the testimony. To establish an easement in the land of another for a right of way requires proof of the existence of the same elements necessary to establish a public highway over private property by prescription. (*Leesch* v. *Krause,* 393 Ill. 124.) The complaint in the present case contains allegations sufficient to give rise to a right of way by prescription. A way by prescription was proved, although it was a public one. Under the circumstances shown here, such variance is not enough to overturn the decree on grounds that the proof fails to conform to the allegations of the complaint. It is a matter more of form than of substance. The rule is that no variance shall be deemed material unless it misleads the adverse party to his prejudice. *Stowell* v. *Satorius,* 413 Ill. 482.

The case at bar is distinguishable from *Oetting* v.

*Graham,* 373 Ill. 247, cited by defendant. In that case an original complaint alleged a statutory dedication of a right of way. The proof failed to show such a right of way but tended to show a common-law dedication of a way over other property. It was held that the plaintiff could not be permitted to amend his complaint to correspond with the proof without giving defendants an opportunity to present additional testimony on the issues made by the amended complaint. Unlike the situation in the *Oetting case,* the decree in the case at bar is not based upon a cause of action different in nature from that alleged, the roadway is the same as that described in the complaint, and defendant has not shown he was prejudiced by the variance.

Defendant has failed to show any error in this record. The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*