Oakley Marlatt, Plaintiff-Appellee, v. Peoria Water Works Company, a Corporation, Defendant-Appellant.

Gen. No. 69–19.

Third District.

September 25, 1969.

Rehearing denied October 24, 1969.

Cassidy, Cassidy, Quinn & Lindholm, of Peoria, for appellant.

Davis, Morgan & Witherell, of Peoria, for appellee.

STOUDER, P. J.

Plaintiff-Appellee, Oakley Marlatt commenced this action in the Circuit Court of Peoria County against the Defendant-Appellant, Peoria Water Works Company. The action based on trespass and ejectment, sought to recover possession of premises allegedly and unlawfully occupied by a two-inch water main owned and installed by defendant. The case was submitted on a stipulation of facts and resulted in a judgment in favor of plaintiff from which judgment defendant has appealed.

This controversy involves a water main constructed by the defendant underground at the rear of a lot owned by plaintiff. The lot is part of a subdivision platted in 1947. At the time, the lots were owned by several different persons who joined in the execution of a plat including reservations, which was duly filed in the Recorder's office. It is Paragraph Six of the Reservations which is the basis of the controversy. Such paragraph provides, "6. An easement is hereby reserved for the use of Public Utilities, as shown by the dotted lines on the plat

and marked 'Right-of-Way,' to install, lay, construct, renew, operate and maintain gas pipes, conduits, cables, poles and wires either overhead or underground, with all necessary braces, guys, anchors and other appliances for the purpose of serving the subdivision and adjoining property with gas, electric and telephone service, including the right to use the streets where necessary, and to overhang all lots with aerial service wires to serve adjacent lots, together with the right to enter upon the lots at all times to install, lay, construct, renew, operate, and maintain said gas pipes, conduits, cables, poles, wires, braces, guys, anchors and other appliances and to trim and keep trimmed, any trees, shrubs, or saplings that interfere with said public utility equipment. No permanent buildings or trees shall be placed on said easement, but same may be used for gardens, shrubs, landscaping and other purposes that do not interfere with the use of said easement for public utility."

In 1951, one Sauder, apparently one of the original subdividers but not the owner of the lot purchased by plaintiff, entered into an agreement with defendant for the construction of the water main which was, in fact, constructed at least in part, underneath the area designated as an easement across the rear five feet of plaintiff's lot. Plaintiff purchased his lot in 1952 and built a house thereon. The water service for plaintiff's house is not supplied from the water main in question. In 1961, the Water Company notified plaintiff that it intended to excavate on the easement in order to connect another water service to the main. The plaintiff notified defendant that the latter had no right to excavate or otherwise permit the main to continue at its present location. The defendant nevertheless connected the residential service to the main but rather than disturbing the surface, it made the connection by tunneling underneath.

13

In seeking to reverse the judgment of the trial court the defendant argues that it had the right to locate, construct and maintain its water main under the easement strip and the court's conclusion to the contrary is erroneous.

The general rule is that the restrictions and reservations appearing on a recorded plat are binding on the proprietor as well as all subsequent grantees. Wattles v. Village of McHenry, 305 Ill 189, 137 NE 114 and Bluett v. County of Cook, 19 Ill App2d 172, 153 NE2d 305. Benefits of easements so created may be enforced against the owners of lots burdened with such easements regardless of the annoyance or detriment. City of Morrison v. Hinkson, 87 Ill 587. If the easement is limited in scope or purpose, the owner of property, subject to the burden thereof, is entitled to prevent the burden of such easement from being increased. Dickman v. Madison County Light Co., 304 Ill 470, 136 NE 790, and City of Morrison v. Hinkman, supra.

This brings us to the main point of the controversy, namely whether or not Paragraph 6 of the restrictions permits the construction of the water main involved. The trial court concluded that it did not, and we are in agreement with such conclusion.

There is no argument but that the service of providing water is a public utility and it would follow that if the reservation were in favor of public utilities generally, the defendant would be in the class so described. However, the reservation contains extensive additional language concluding with the phrase, ". . . for the purpose of serving the subdivision and adjoining property with gas, electric and telephone service." Water service is not included in the foregoing specification and in our opinion, the plain meaning of the reservation does not include water service. The phrase, "gas, electric and telephone" does not modify "adjoining property" as insisted by defendant but in our opinion constitutes an unambigu-

14

ous explanation of the public utilities intended to be included within the easement so provided. Defendant relies substantially on the case of Nichol v. Village of Glen Ellyn, 89 Ill App2d 251, 232 NE2d 580. The facts of that case are such that we do not see how they can be of any support to defendant's assertions in the instant case. In the Nichol case, an easement for public utilities was reserved upon which easement had been constructed a sewer line. The issue involved was whether the sewer line so constructed could be used by property not included in the original subdivision, or whether only the original subdivision had the right to use the sewer line on the easement. Thus the case does not involve a construction of a similar phrase. Indeed, the case to some extent supports the decision of the trial court in that it indicates such easements must be construed according to their terms.

■ The fact that one of the subdividers, never an owner of the lot herein involved, made agreements with the defendant water company, is also of no assistance to defendant. Concededly, the agreement did not grant any rights to the defendant since the person contracting with the water company had none. Further, such agreement or conduct cannot be deemed to change or modify the plain meaning of the reservation. The plaintiff cannot be charged with notice of the unrecorded and unknown unilateral construction of an easement by a third party who in law can only be regarded as a stranger to the transaction.

■ Lastly, we do not believe that the Plat Act, c 109, Ill Rev Stats 1967, requires that a limited public utility easement be expanded by implication to include any public utility. The authority conferred upon municipalities to require that plats be submitted to the municipality for approval does enable the municipality to regulate the subdivision of property so that adequate public services will be provided. The requirement of such approval does

15

not necessarily specify the services which must be provided or the manner in which such services must be provided. Bluett v. County of Cook, 19 Ill App2d 172, 153 NE2d 305, cited by defendant does not hold that any public utility easement whether limited or not, must be available for any and all public service.

For the foregoing reasons the judgment of the Circuit Court of Peoria County is affirmed.

Judgment affirmed.

RYAN and CULBERTSON, JJ., concur.