Charles P. Marchese, J.
After trial the court finds in favor of defendants and dismisses plaintiff’s complaint.
In this action plaintiff sues in small claims to recover the sum of $170 which he claims to be an “ easement fee ”. Plaintiff maintains he should be paid because the defendant New York Telephone Company has permitted defendant Cablevision, Inc. (amended to Communication Development L. I. Corp. as defendant) to install on the New York Telephone Co. poles located on plaintiff’s property certain cablevision equipment pursuant to an agreement between the two defendants, for which no permission was sought from plaintiff and for which no remuneration was paid plaintiff.
Plaintiff claims the grant of easement under the January 8, 1949 agreement does not authorize the telephone company to lease its equipment, the poles, for cable television purposes. The important provision of this agreement, plaintiff’s Exhibit 1 in evidence, is section “Third”, which reads as follows: “ The Grantor hereby grants unto the Company, its successors and assigns, the right to permit the attachment of the communication and electric service wires and facilities of other public utility companies and to convey to such other companies an interest in the rights granted under this agreement.”
This court, therefore, must decide: (1) whether the transaction between the defendants comes under the permissive provision of section “ Third”; and (2) did plaintiff prove the subleasing of .such facilities was in violation of his rights.
First of all, this court finds that the defendant Cablevision, Inc. is a public utility as defined in paragraph ‘ ‘ Third ’ ’.
Article 28 of the Executive Law of the State of New York has, to all intents and purposes, established a new form of utility, presided over by a commission on cable television. The rights of the utility, as well as its obligations to the public, are governed by sections 811 through 831 of article 28. The court finds no difference in the utility characteristics of the Cablevision Company from the New York Telephone Company. In fact, this conviction is borne out by the fact that the defendant *572 Cablevision Company’s (true name Communications Development of Long Island Corp.) certificate of incorporation was approved by the Secretary of State and was incorporated pursuant to section 3 of the Transportation Corporations Law, which applies exclusively to utilities such as telegraph and telephone corporations, gas and electric corporations and the like.
This, therefore, disposes of the question of whether there was a proper grant of the New York Telephone Company’s rights under section “ Third ” of the original easement agreement. The court finds that it had that power.
Next, the court must address itself to the proof before it. In no way did the plaintiff establish any violation of any agreement by the defendants. All he testified to was that the defendant New York Telephone Company, did enter into an agreement with the defendant, Cablevision Company, to permit it to use New York Telephone Company equipment situated on plaintiff’s land. Nor was there any proof as to damages. Plaintiff contends that such use was not anticipated in the original easement grant.
To argue that because in 1949 (when the original easement agreement was entered into) there was no such thing as cable television and, therefore, could not have been contemplated by the parties is a very narrow interpretation. We must recognize the progress made in business and industry which arises in later years. Just as we must accept scientific advances, we must translate the rights of parties to an agreement in the light of such developments.
In meeting the needs and interests of the public, cable television is a telecommunication concept capable of transmitting data in many areas of public interest. For example, the system may be used in time of emergency to communicate warnings and instructions, for police work, in business and in government, education, health and public welfare and, of course, entertainment. Potentially it can reach more persons at a given time than the telephone. It cannot be said that just because there was no specific mention in the 1949 easement agreement of the possibility of cable television that such application was barred.
There was no reservation or exception in the easement grant. Accordingly, this easement is entitled to such liberal construction as the language of the easement will allow. We therefore are not inordinately stretching the agreement between the parties to the easement. (See 17 N. Y. Jur., Easements and Licenses, § 32 et seq.)
*573 The court believes this decision is in line with the thinking of the learned Jurists’ decision in Petra Tel. Corp. v. County of Suffolk (75 Misc 2d 549) and Steminski v. Romeo (62 Misc 2d 1051), with which this court agrees.
Accordingly, judgment can only be for defendants.