John T. Casey, J.
In this motion, transferred to me by Mr. Justice Murray, the plaintiffs, as individual private landowners, seek a preliminary injunction restraining the defendant from using the telephone poles which are already located on the plaintiffs’ property for the transmission of its cable television signals. The plaintiffs agree that these poles already constitute a legitimate easement burdening their property for the services provided by the Niagara Mohawk Power Corporation and the New York Telephone Company, but contend that the defendant’s attempt to have its facilities ride "piggy-back” on the existing easement imposes an additional burden which requires payment of reasonable compensation to them; and as nonparties to, they are, therefore, not bound by any agreement made by the defendant with the New York Telephone Company and Niagara Mohawk Power Corporation to have its signals carried.
The existing easement grants to New York Telephone Company and Niagara Mohawk Power Corporation "their respective successors and assigns the right, privilege and authority to construct, maintain, operate, repair and replace lines * * * and appurtenances for the distribution of electricity and messages upon, under, along and across” (the plaintiffs’ property) together with the right to cut and trim trees and to keep and maintain the poles and lines necessary for efficient public service.
The question, therefore, is whether or not the defendant’s intended use falls within or without the scope of the existing easement. If it does, then, of course, the Power Company and Telephone Company alone can grant the defendant the right to use. If it does not, then an additional burden is imposed on the plaintiffs’ land apart from the already existing easement which must be acquired by condemnation and the plaintiffs reasonably compensated therefor.
Cable casting, which is the defendant’s business, has been defined as the distribution on a community antenna television system (CATV) of television programs by means of high antenna or micro-wave transmission amplified and distributed by coaxial cable to the premises of its subscribers. It provides basically the same public service as noncable television and is so imbued with a public interest that it classifies as a public utility. (Staminski v Romeo, 62 Misc 2d 1051.) It was regulated and controlled by the State as of January 1, 1973 pursuant to article 28 of the Executive Law. To qualify for incorporation under article 3 of the Transportation Corporation Law (which *988 the defendant has done) it must be considered a telephone or telegraph company whose services are provided in essentially the same manner. It is impossible to conclude, therefore, that the services provided by the defendant to its subscribers burden or exceed the existing easement or interfere with the property of the plaintiffs any more than the Telephone Company and Power Company already have done, acting under it. That such a service was not thought of or discovered at the' time of the grant of the easement is of no consequence. A sufficiently broad interpretation to meet progressive inventions is required. (Holmes Elec. Protective Co. v Williams, 228 NY 407, 420.)
The burden being no greater than the original grant, the question remains whether the grantee utilities can apportion their easement. Nothing in the grant prevents their doing so for it refers not only to the grantees, but to their "respective successors and assigns” and the plaintiffs acquired their property with knowledge, active or presumed, that such easement could be assigned or acquired by others. There seems to be no direct appellate authority in the State of New York for these principles. There is, however, a remarkably similar case in the State of Ohio (Jolliff v Hardin Cable Tel. Co., 26 Ohio St 2d 103) wherein it was held expressly that assignment of additional use of poles by a power company to a cable TV company did not additionally burden the grantors’ land entitling the landowner to injunctive relief, citing American Tel. & Tel. Co. v McDonald (273 Mass 324). The same conclusion was reached after a trial by a District Court in Crowley v New York Tel. Co. (80 Misc 2d 570).
The cases relied on by the plaintiffs are not controlling. They hold that if the plaintiffs’ land were burdened additionally the defendant would have to proceed by way of condemnation and pay therefor. Since the holding here is that there is not an additional burden on the already existing easement the cases relied on by the plaintiffs are inapposite.
In view of the apportionability of the existing easement, the fact that it imposes no additional burden on the plaintiffs’ land, and the public interest and use involved, the plaintiffs’ motion for a preliminary injunction is denied and summary judgment granted to the defendant dismissing the underlying action since no questions of fact remain for determination.