**OWENSBORO–ON–THE–AIR, INC., Appellant,**

v.

**James M. TINIUS, Daviess County Property Valuation Administrator, Appellee.**

Court of Appeals of Kentucky.

May 27, 1977.

Morton Holbrook, Jesse T. Mountjoy, Sandidge, Holbrook & Craig, P. S. C., Owensboro, for appellant.

William P. Sturm, Legal Staff, Ky. Dept. of Revenue, Frankfort, for appellee.

Before MARTIN, C. J., and WILHOIT and WINTERSHEIMER, JJ.

WILHOIT, Judge:

The principal question presented on this appeal is whether the Daviess Circuit Court erred in holding that the County Property Valuation Administrator properly refused to exempt from local ad valorem taxes for the years 1975 and 1976 the coaxial cable owned by appellant as a part of its Cable Television (CATV) system.

KRS 132.200 sets out certain classes of personal property which are subject to taxation for state purposes, but exempt from local ad valorem tax. Subsection 5 of that statute exempts from local taxation:

> (5) Commercial radio, television and telephonic equipment directly *used or associated with electronic equipment which broadcasts electronic signals to an antenna;* however, radio or television towers not essential to the production of the wave or signal broadcast shall not be included. (Emphasis added).

The trial court concluded that the coaxial cable owned by appellant did not come within the exemption and that the cable was therefore subject to county, city, school and other ad valorem taxes. The court found as fact in support of its conclusion that broadcasting involves transmitting to the public in general whereas appellant's system transmits only to those persons allowed by the appellant to receive its signal, and that no antennas are used by appellant in transmitting its cable television signals via coaxial cables from its stations to a subscriber's television set.

Appellant argues that in arriving at its decision the trial court improperly assigned a popular meaning to the term "broadcasts" as used in the statute since the term "broadcasting" has a technical meaning apart from its popular meaning. Under the rule stated in *Katzman v. Commonwealth,* 140 Ky. 124, 130 S.W. 990 (1910), appellant believes the court was obliged to use the technical meaning of the term as understood by the trade or profession to which it applies in construing the statute. The only technical definition of the term "broadcasting" appearing in the record is that assigned to the term by appellant's expert

witness and appellant insists that the court improperly rejected that definition.

Appellee counters that KRS 446.080(4) provides that in statutory construction all words shall be construed according to the common and approved use of language except technical words which have acquired a peculiar and appropriate meaning in the law. The purpose of this statute according to appellee is to encourage the use of common word meanings whenever possible in interpreting statutes. Further, appellee argues that the majority view of courts which have considered the question is that the term "broadcasting" as used in various statutes refers to its popular definition.

■ We do not believe the trial court erred in refusing to accept the definition of broadcasting as given by appellant's expert witness. Even if the term has acquired a technical meaning it is clear that this witness was testifying as to "my own conception of what I consider broadcasting" and not as to the meaning of the term in any accepted technical sense or as understood in the trade or profession. In fact, we are more persuaded that appellant's CATV system involves "broadcasting" within the common and approved usage of the term than we are that it comes within a possible technical meaning of the term. *See Ohio Valley Cable Corp. v. Porterfield,* [1971] State Tax Cas. Rep. (CCH) ¶ 200–473 (Ohio Board of Tax Appeals). The technical term for appellant's operation appears more likely to be "cablecasting" than broadcasting. *See, e. g.,* 47 C.F.R. § 74.1101(j) and *Hoffman v. Capitol Cablevision Systems, Inc.,* 82 Misc.2d 986, 372 N.Y.S.2d 482 (1975).

■ In any event, we do not need to reach the question of whether a CATV system "broadcasts" within the meaning of KRS 132.200(5) since it certainly does not do so to an "antenna" as that term is used in the statute. Appellant sought to establish through the testimony of its expert witness that the transformer used in connection with receiving CATV signals performs a similar function to that performed by an antenna in receiving standard radio

or television signals and that consequently a transformer is actually an "antenna". Although the expert admitted that a transformer is "formally called a transformer" and is also called a transformer in "common terminology", he opined that in one definition you could call it an antenna. That one definition turns out to be "my own conception in my opinion what I consider to be an antenna". He does state that the most experienced radio communications engineers would agree as to what present day antennas are but we find no persuasive evidence in his testimony or elsewhere in the record that the term "antenna" either in its common use or in any generally accepted technical sense has acquired a meaning which embodies a transformer. Both may perform similar functions, but they are not the same. We, therefore, find no basis for holding that the Legislature intended to include a transformer within the meaning of the word "antenna" as used in the statute and the judgment of the trial court is affirmed.

All concur.