CONSOLIDATED CABLE UTILITIES, INC., Plaintiff-Appellee, *v.* THE CITY OF AURORA *et al.*, Defendants.—(COMMONWEALTH EDISON COMPANY *et al.*, Defendants-Appellants.)

Second District   No. 81—660

Opinion filed September 2, 1982.—Rehearing denied October 12, 1982.

Paul F. Hanzlik and Bruce D. Becker, both of Isham, Lincoln & Beale,

and Rochelle Cabot and Priscilla C. Sperling, both of Mayer, Brown and Platt, and L. Bow Pritchett, George J. Reithal, and Robert Guritz, all of Chicago, for appellants.

Donald L. Puckett and John P. Duggan, both of Puckett, Barnett, Larson, Mickey, Wilson and Ochsenschlager, of Aurora, for appellee.

JUSTICE HOPF delivered the opinion of the court:

Plaintiff, Consolidated Cable Utilities, Inc., brought this action seeking both a declaratory judgment pursuant to section 57.1 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 57.1) and injunctive relief. The circuit court of Kane County granted the relief sought by Consolidated, giving it access to install cable for television on certain backyard easements. Only defendants Commonwealth Edison Co. (Edison), Northern Illinois Gas Company (NI Gas) and Illinois Bell Telephone Co. (Bell) appeal.

In 1969 Consolidated was granted the franchise to provide cable television service to private customers in both Elgin and Aurora. The franchise ordinances require that Consolidated charge a uniform fee of each user, and in Aurora, provide service where there are at least 50 homes per cable mile; in Elgin, where there are at least 30 homes per cable mile.

Often the cable installation is made by utilizing and leasing poles above ground from public utilities, but certain subdivisions of Aurora and Elgin require, by ordinance, that such services be placed underground. There are 12 such subdivisions involved in this case where Consolidated seeks to install its cable underground on backyard easements.

In late 1979 and early 1980 Consolidated made some effort to obtain homeowner approval for backyard easement access. They hired college students who went door-to-door in an effort to obtain such approval. Eighty to 85% gave their approval for Consolidated's use of the easements. Other than this Consolidated has not involved the homeowners in this suit.

On September 29, 1980, Consolidated filed suit for declaratory judgment and mandatory injunction against the city of Aurora and the city of Elgin, as well as the three utilities. Consolidated's complaint sets forth the Elgin and Aurora grants of authority; the specific subdivisions where the easements are located; and its request for use of the easements.

Edison's motion to strike and dismiss, as well as those filed by NI Gas and Bell, were denied. Edison's motion set forth several contentions, including the contention that Consolidated was improperly try-

ing to expand by implication the easements in question, so as to include unnamed parties; that the owners of the land on which the easements were located should be joined as parties; and that Consolidated was improperly attempting to exercise the power of eminent domain. All three utilities made application to this court for interlocutory appeal pursuant to Supreme Court Rule 308 (73 Ill. 2d R. 308). The applications were denied.

At trial over 90 plats of survey were tendered by Consolidated and admitted as evidence. These consisted of the plats of the subdivisions that Consolidated sought to enter. Unfortunately, the easements are not described on the plats of survey in any uniform manner. The descriptions range from those that list the specific utilities and location of the easements to those that give no indication of an easement interest. Three of the plats named Consolidated as an easement holder. NI Gas concedes that it does not generally have its pipes in the backyard easements that are in issue here.

The trial court found that (1) Consolidated was a public utility within the contemplation of the plats in question; (2) that the enumerated plats reserve to the municipalities the right to license Consolidated, and the landowners are not indispensable parties; (3) that an actual controversy exists, that declaratory relief is appropriate; and (4) Consolidated need not go before the Illinois Commerce Commission. The relief granted gave Consolidated the right to use the majority of the easements, and stated that defendants were enjoined from interfering with the installation of the facilities.

On appeal, NI Gas raises five contentions of error: (1) that necessary or indispensable parties (landowners) were not joined; (2) that Consolidated failed to exhaust alternate remedies, so declaratory judgment is an improper remedy; (3) that Consolidated is not a public utility under the Plat Act (Ill. Rev. Stat. 1979, ch. 109, par 1 et seq.); (4) that the terms of the easements prohibit utilization of them by Consolidated; and (5) that Consolidated must go before the Illinois Commerce Commission before seeking relief in the courts.

Edison makes identical contentions, but adds the argument that there was no actual controversy between the parties, as would be required for declaratory relief.

Bell's contentions on appeal differ because it entered into a written stipulation with Consolidated before trial. The agreement recited Bell's uninterest in whether or not Consolidated has a right to use the easements. Because Bell had already agreed not to interfere with Consolidated's installation of facilities, it contends on appeal that the injunction was erroneously entered by the trial court against it. Bell also contends that it has been enjoined from conduct that it never

pursued.

First, we address the contention that the trial court erred, as a matter of law, in deciding that the landowners were not indispensable parties. NI Gas contends that the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 26) requires dismissal of this case because Consolidated had "reasonable opportunity" to join all indispensable parties, yet chose not to do so.

Edison urges that a different provision of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 25) requires inclusion of the landowners because, without them, there can be no complete determination of the controversy.

■ Both Edison and NI Gas urge that case law supports their contentions. In a case not cited by the parties some specific guidelines for what constitutes a necessary party were set forth:

> "A necessary party is one whose presence in the suit is required for any of three reasons: (1) to protect an interest which the absentee has in the subject matter of the controversy which would be materially affected by a judgment entered in his absence (Ill. Rev. Stat. 1977, ch. 110, par. 25(1); *National Bank v. S.N.H., Inc.* (1st Dist. 1975), 32 Ill. App. 3d 110, 121, 336 N.E.2d 115); (2) to reach a decision which will protect the interests of those who are before the court (*Ragsdale v. Superior Oil Co.* (1968), 40 Ill. 2d 68, 71, 237 N.E.2d 492; see Comment, *Indispensable Parties: Holding Absentees Indispensable For The Sake Of Present Defendants*, 21 U.Chi. L. Rev. 286-293 (1954)); or (3) to enable the court to make a complete determination of the controversy (Ill. Rev. Stat. 1977, ch. 110, par. 25(1))." *Lerner v. Zipperman* (1979), 69 Ill. App. 3d 620, 623, 387 N.E.2d 946, 949.

The application of these principles to the case before us requires first, consideration of whether the absent parties have an interest which will necessarily be affected by the judgment. If so, they must be joined.

■ Here the absent parties are the owners of the land encumbered by the easement. The word easement has been defined as "a right or a privilege in the real estate of another." (*Beloit Foundry Co. v. Ryan* (1963), 28 Ill. 2d 379, 388, 192 N.E.2d 384, 390, citing 16 Ill. L. & Prac. *Easements* sec. 2 (1962).) By definition, then, Consolidated's use of the land will affect the landowners' property. Hence, we believe the absent parties do have an interest which will be affected by the judgment.

The second query is whether reaching a decision will protect those who are before the court. Obviously, the orders entered here, which

enjoined defendant utilities from interfering with Consolidated's activity, will not protect Consolidated from actions brought by the various homeowners, whether there is merit to the homeowners claims or not. In this sense Consolidated is unprotected. (See *Ragsdale v. Superior Oil Co.* (1968), 40 Ill. 2d 68, 71, 237 N.E.2d 492.) Therefore, the second test also indicates that the homeowners are necessary parties.

For reasons similar to the above, the third test also requires homeowner participation, for without them, complete determination of the controversy is impossible.

All three requirements having been met, we believe the homeowners are necessary and indispensable parties to this cause, and they must be named in the suit.

■ In *Ragsdale v. Superior Oil Co.* (1968), 40 Ill. 2d 68, 237 N.E.2d 492, the failure to join certain leaseholders resulted in the dismissal of a complaint that sought to void a sale of land. Each leaseholder shared an interest in the oil production of the entire tract. Because the effect on the remaining owners, not parties to the suit, would be direct and substantial, the merits could not be reached. The court required all owners and lessees to be made parties because title was in dispute and plaintiff had the burden of proving his title. While the property interest held by the leaseholders differs somewhat from that in the case at bar, the same principles are applicable to the easement claims made by Consolidated: A claim contrary to the record chain of title, or at least a dispute in that regard, requires that all owners of land over which the easement runs, except those few which have granted an easement to Consolidated, be made parties. The question of whether or not Consolidated has a right to use the property should not be decided in a forum that excludes the actual owners of the property. For these reasons we believe that the homeowners are indispensable parties.

■ It appears the backyard easements in issue here were created when the plats of survey were filed. The exhibits reveal that at least three of the plats specifically name Consolidated. As previously mentioned, the easement terms of the plats vary tremendously. Consolidated did obtain approval from certain of the homeowners. The remaining plats present a different problem. The case law is clear in describing the general rule applicable here. If the easement is limited in scope or purpose, the owner of the property subject to the easement burden is entitled to prevent such burden from being increased. *Marlatt v. Peoria Water Works Co.* (1969), 114 Ill. App. 2d 11, 14, 252 N.E.2d 403. See also *Dickman v. Madison County Light & Power Co.* (1922), 304 Ill. 470, 482, 136 N.E. 790.

When, as is the case in certain of the easements here, the ease-

ment is reserved for gas, electric and telephone service, the plain meaning of the reservation does not also include other unnamed services. As the *Marlatt* decision noted, easements must be construed according to their terms.

Because some additional issues raised in this appeal are likely to be raised again on remand, we will briefly address them here.

The trial court found that Consolidated was a public utility within the contemplation of the plats in question. Both Edison and NI Gas urge that the trial court erred in this regard.

■ It has been determined that cable television corporations are not subject to Commerce Commission regulation as public utilities under "An Act concerning Public Utilities" (Ill. Rev. Stat. 1979, ch. 111⅔, par. 1 *et seq.*). Cable television is not related to phone services under the Act. (*Illinois-Indiana Cable Television Association v. Illinois Commerce Com.* (1973), 55 Ill. 2d 205, 220, 302 N.E.2d 334. See also *Cammers v. Marion Cablevision* (1976), 64 Ill. 2d 97, 354 N.E.2d 353.) Therefore, we believe Consolidated need not have sought relief before the Commission. It should be noted that certain aspects of cable television, such as pole attachment agreements, are subject to Commission regulation. *Cable Television v. Illinois Commerce Com.* (1980), 82 Ill. App. 3d 814, 403 N.E.2d 287.

■ Edison and NI Gas contend that the court erred by expanding the scope of the easements beyond their express terms. We agree. Despite the fact that some of the plats indicate easements with no express terms, it is clear that an additional use of an easement is an additional burden on it. (*Neely v. Coffey* (1980), 81 Ill. 2d 439, 444, 410 N.E.2d 839.) Similarly, it has been held that an easement reserved for "gas, electric and telephone" could not be read to include water service, absent involvement by the property owners. (*Marlatt v. Peoria Water Works Co.* (1969), 114 Ill. App. 2d 11, 252 N.E.2d 403.) *Marlatt* also noted that the plat act (Ill. Rev. Stat. 1967, ch. 109, par. 1 *et seq.*) did not necessarily require a limited public utility easement be expanded by implication to include any public utility.

■ Bell's contentions on appeal differ because of the fact that Consolidated and Bell entered into a written stipulation before trial. The agreement recites Bell's disinterest in whether Consolidated has a right to use the easements or not. Bell contends on appeal that the injunction was erroneously entered by the trial court against them because they had already agreed not to interfere with Consolidated's installation of facilities. (See *Lynch v. Devine* (1977), 45 Ill. App. 3d 743, 750, 359 N.E.2d 1137.) Bell contends, therefore, that it has been enjoined from conduct that it never pursued. We believe the injunction was improperly entered against Bell.

■ Edison and NI Gas also contend that Consolidated is unlawfully exercising powers of eminent domain. While the city, as a municipal corporation, may exercise such powers, we do not believe their franchisees or licensees can. Nor is it clear that Consolidated has tried to exercise such powers. However, Consolidated is a licensee of the city, and may have the right to use whatever easements the city possesses in accordance with their license.

Absent homeowner participation, and evidence from them about the exact nature of the easements through their property, we cannot improve on the trial court's findings, but only remand for a more specific delineation of which easements Consolidated does, or does not, have the right to use. We believe the trial court's findings were too broad in scope to be sustained.

For these reasons the findings of the trial court of Kane County are reversed and remanded for proceedings consistent with this opinion.

Reversed and remanded.

SEIDENFELD, P. J., and NASH, J., concur.