DEWAYNE PULLEM, Plaintiff-Appellant, *v.* EVANSTON YOUNG MEN'S CHRISTIAN ASSOCIATION *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 83—2241

Opinion filed May 22, 1984.

Barry A. Rose and Marilyn S. Rzasa, both of Cook County Legal Assistance Foundation, Inc., of Chicago, for appellant.

Michael W. Rathsack, of Chicago (Robert B. Baal, of counsel), for appellees.

JUSTICE PERLIN delivered the opinion of the court:

Plaintiff brought an action in the Cook County circuit court for monetary damages and injunctive relief against defendants for defendants' alleged wrongful eviction of plaintiff from his rented room at the YMCA. After an *ex parte* hearing, the trial court granted plaintiff's motion for a temporary restraining order, ordering defendants to restore plaintiff to his room, and enjoining defendants from interfering with plaintiff's use and enjoyment of the room. Following submission of briefs and a second hearing, the court denied plaintiff's request for a preliminary injunction, from which plaintiff brings this interlocutory appeal.

Plaintiff's verified petition for injunctive relief alleged that since January 1981 plaintiff had been residing in a rented room at the Evanston YMCA. On September 6, 1983, he had been orally advised by defendant Atkins, the assistant director of operations for the YMCA, that plaintiff had to vacate his room the next day because he had violated a YMCA rule which prohibited members from being in the maintenance room at the YMCA. Upon plaintiff's failure to vacate his room, the keyhole in the room's door had been "plugged," thereby preventing plaintiff from entering the room. As a result, plaintiff was forced to spend the night "wandering the streets." The complaint alleged that defendants' actions violated the Illinois Forcible Entry and

Detainer Act and the Evanston Residential Landlord and Tenant Act.

Defendants filed a motion to dismiss the complaint and to deny plaintiff injunctive relief. Therein defendants alleged: Plaintiff had failed to demonstrate he had a right which required protection or that he had suffered irreparable injury, and that plaintiff had an adequate remedy at law. Defendants also contended plaintiff's eviction was lawful because the written housing contract entered into between the parties provided that either party could terminate it upon one day's notice. They denied "plugging" plaintiff's room, stated that plaintiff had voluntarily vacated his room, and the room lock was then changed, as is defendants' custom. Defendants also contended that because the relationship between the parties was that of innkeeper and guest, and not landlord and tenant, neither the Forcible Entry and Detainer Act nor the Evanston ordinance applied.

At the hearing on plaintiff's motion for a preliminary injunction, plaintiff testified: On August 23, 1983, defendant Atkins advised him that he was not allowed in the YMCA maintenance room, and that because of plaintiff's violation of the rule, he was to leave the YMCA the next day. Plaintiff did not know he was not allowed in that area. On the next day, Atkins told plaintiff he did not have to vacate until the end of the month. Plaintiff left the YMCA on August 31. Plaintiff left because he was asked to, but did not surrender his room key "because I thought I will talk to someone and I can probably get my room back." Plaintiff denied receiving written notice of his eviction. Plaintiff's belongings were left in storage at the YMCA. Plaintiff admitted signing the YMCA application card which states that the contract for a room may be terminated by either party with one day's notice.

Defendant Steven Atkins testified that plaintiff was discovered by a YMCA employee in the maintenance room of the YMCA "in the early part of August." When plaintiff refused to leave, Atkins went to the room and assisted in removing plaintiff. There are several notices posted which denote the area to be "for employees only." On August 23, 1983, Atkins was again required to assist another staff member in removing plaintiff from the maintenance area. At that time plaintiff advised Atkins that plaintiff had permission from the YMCA's executive director to be in the maintenance area. This proved to be untrue. The witness then advised plaintiff, both orally and in writing, that he must vacate his room within one week. At plaintiff's request, Atkins gave plaintiff an additional week to find alternative housing. On September 7, 1983, plaintiff approached Atkins with a bag on his shoulder, and stated, "I'm leaving." At plaintiff's request, his belongings

were placed in a YMCA storage room.

After hearing argument, the trial court stated "motion for preliminary injunction is denied and the basis for the ruling is that there is no showing of irreparable harm ***. I find that this is not, in my view, a landlord-tenant situation. This is an innkeeper-guest relationship."

Plaintiff appeals from the denial of his motion for a preliminary injunction.

The sole issue presented is whether the trial court erred in denying plaintiff's request for a preliminary injunction.

■■ The granting or denial of a preliminary injunction is addressed to the sound discretion of the trial court and, absent an abuse of that discretion, its decision will not be disturbed by a reviewing court. *People ex rel. Fahner v. Community Hospital* (1982), 108 Ill. App. 3d 1051, 440 N.E.2d 200.

■■ Generally, for a preliminary injunction to issue, plaintiff must establish (1) possession of a certain and clearly ascertained right which needs protection; (2) irreparable injury if the injunction is denied; (3) lack of an adequate remedy at law; and (4) a likelihood of success on the merits of the case. (*ABC Trans National Transport, Inc. v. Aeronautics Forwarders, Inc.* (1978), 62 Ill. App. 3d 671, 379 N.E.2d 1228.) Mandatory injunctive relief, such as that sought here, is granted only with great caution and in cases of great necessity. *Neely v. Coffey* (1979), 76 Ill. App. 3d 37, 394 N.E.2d 766, *aff'd* (1980), 81 Ill. 2d 439, 410 N.E.2d 839.

■■ Under the facts presented to the trial court, it seems clear that plaintiff has not demonstrated any continuing "right" to the use of the room after being advised by the YMCA that the contract between them was terminated. In *Perry v. Evanston YMCA* (1981), 92 Ill. App. 3d 820, 416 N.E.2d 340, a case with similar facts, the court found that the tenant had received the applicable notice of termination and held "[t]his notice was in accordance with the rental agreement and terminated Perry's right to possession of his room. It is the duty of a tenant to surrender possession at the expiration of his lease. [Citations.]" 92 Ill. App. 3d 820, 825.

In the instant case, plaintiff has demonstrated no basis for his claimed right to continued possession of the room. Plaintiff's brief merely concludes "plaintiff's clear legal protectible right is to be free from being forcibly evicted from his room at the Evanston YMCA." However, plaintiff testified he vacated his room because he was asked to. While it is possible that plaintiff may be able to demonstrate at trial below that his eviction was unlawful, such is not equivalent to

demonstrating plaintiff has a "certain and clearly ascertained right" to continued use of the room.

Illinois case law recognizes that a tenant who retains possession of a leasehold after termination of the lease has no protectible property interest in the leasehold. (*General Parking Corp. v. Kimmel* (1979), 79 Ill. App. 3d 883, 886, 398 N.E.2d 1104.) Absent a demonstration of some protectible property interest in the room, plaintiff is not entitled to injunctive relief.

> "While, as a general rule, courts of equity will not interfere by preliminary injunction, to change the possession of real property, until the right to such change is determined at law, they will do so where it is clear from the allegations in the bill that the defendants' possession is but an interruption of the prior possession of the complainant, *to which the latter is entitled.* Thus, where a lessor or lessee has forcibly taken possession of the leased premises in violation of the terms of the lease, he may be compelled by mandatory injunction \*\*\* to surrender possession to the one entitled thereto." (Emphasis added.) (*Quinn v. Fountain Inn* (1920), 218 Ill. App. 260, 263. See also *Scholz v. Barbee* (1951), 344 Ill. App. 630, 101 N.E.2d 845.)

Neither the parties nor independent research has produced a case finding a protectible property interest in continued possession of lodgings pursuant to a short-term contract and a one-day termination provision.

■ We also believe that plaintiff has failed to establish irreparable injury. Should it be determined, at trial, that defendants' conduct violated applicable statutes or ordinances, monetary damages will compensate. When money damages will compensate a plaintiff, injunctive relief should not be granted. *G. H. Sternberg & Co. v. Cellini* (1973), 16 Ill. App. 3d 1, 305 N.E.2d 317.

For the reasons herein stated, the trial court's order denying plaintiff's request for a preliminary injunction is affirmed.

Affirmed.

HARTMAN, P.J., and STAMOS, J., concur.