AMERICAN TELEPHONE AND TELEGRAPH COMPANY OF MASSACHUSETTS *vs.* WILLIAM F. McDONALD & another.

Hampden.    October 8, 1930. — November 26, 1930.

Present: RUGG, C.J., PIERCE, WAIT, & FIELD, JJ.

*Easement. Deed,* Construction.    *Words,* "Exclusive."

In a suit in equity by a telephone company to enjoin the defendant from interfering with the plaintiff's maintenance of a toll cable hung from poles on a strip of the defendant's land, it appeared that the defendant's predecessor, by a deed duly executed and recorded, had granted to another telephone company and "its successors and assigns for their own use and behoof forever" "the exclusive right to erect and maintain [telephone] poles with the wires thereon with the necessary guys and supports" on the strip of land; that the grantee erected such poles and wires; that subsequently it granted to the plaintiff, by an instrument under seal, "the right to erect, operate and maintain a telephone toll cable with the necessary fixtures, upon" such poles; and that the defendant interfered with the plaintiff's work of hanging and maintaining the toll cable.    Upon appeal from a final decree granting the relief sought, it was *held,* that

(1) The exercise of the right granted to the plaintiff's assignor was not confined to the grantee, and the right might be assigned to another: the word "exclusive" in the deed by the defendant's predecessor meant that the right was "exclusive" of the grantor, not "exclusive" in the grantee;

(2) The grant to the plaintiff did not impose upon the land a greater burden than that imposed by said deed;

(3) The decree was affirmed.

BILL IN EQUITY, filed in the Superior Court on September 15, 1928, and afterwards amended, described in the opinion.

The suit was referred to a master, material facts found by whom are stated in the opinion.    By order of *Broadhurst,* J., there were entered an interlocutory decree confirming the master's report, and a final decree granting the plaintiff the relief sought.    The defendants appealed.

*J. S. Kane,* for the defendants.

*C. H. Beckwith,* for the plaintiff.

WAIT, J. This is an appeal from a decree of the Superior Court which enjoins the defendants perpetually from interfering with the plaintiff's maintenance and enjoyment of a toll cable hung from poles on a strip of land of the defendants; from injuring, removing or destroying the poles to which the cable is attached; from cutting or otherwise injuring the cable; and from interfering with the entry by servants of the plaintiff upon the strip of land for the purpose of protecting, adequately and properly, its property there from injury by the elements.

In 1913 one James P. McDonald did "grant, bargain, sell and convey" to the New England Telephone and Telegraph Company, *habendum* to it, "its successors and assigns for their own use and behoof forever" "the right to erect, operate and maintain lines of telephone and telegraph including the necessary poles and fixtures upon and over" certain described premises. The conveyance was by deed, duly recorded, executed by McDonald and his wife, who joined to release any interest she had "in the rights and easements herein conveyed." The deed set out: "The above granted rights being more particularly described as the exclusive right to erect and maintain poles with the wires thereon with the necessary guys and supports and the right to cut down and keep trimmed all trees and bushes as the grantee may desire within a strip of land thirty (30) feet in width upon and over said described premises, the location of said strip to be determined by, and to become permanent upon, the erection of the poles in said lines of telephone and telegraph with permission to enter upon said strip and upon said premises for access thereto for all the above purposes." The grantee agreed to pay for all damage to crops caused by negligence of its employees while engaged in work of the company on the land.

The defendants are the present owners of the land subject to the rights thus created. The grantee put up poles, strung wires upon them and hung a cable from a wire supported by cross arms, to form a part of its toll route between Springfield and Worcester. In 1928, it granted,

by instrument under seal, to the American Telephone and Telegraph Company of Massachusetts, the plaintiff here, " the right to erect, operate and maintain a telephone toll cable with the necessary fixtures, upon all the poles of the grantor located on private rights-of-way along the toll route of said grantor between the cities of Springfield and Worcester, Massachusetts, in such manner as may from time to time be agreed upon by the field representative of the grantor and grantee." The plaintiff, thereupon, began hanging such a toll cable upon a wire strung upon the poles on the strip over the defendants' land, and to do the work necessary to support and maintain it, when the defendants interfered. It brought this bill in equity to restrain the interference.

The defendants contend that the original grantee had no power to make the grant to the plaintiff; that its right was limited to an exclusive use by itself, and that no right to assign a similar use to another was conveyed.

We do not so construe the instrument of 1913. The words of a deed are ordinarily to be taken most strongly against the grantor. *Amidon* v. *Harris,* 113 Mass. 59, 65. We find no facts which require us to interpret the word " exclusive " to mean that the right granted is confined to use by the grantee alone. The right is " exclusive " of the grantor, not " exclusive " in the grantee. This interpretation is strengthened by the words of the *habendum,* expressly naming " successors and assigns " with the apparent design of conveying all embraced in a fee simple title in the thing granted.

We need not discuss whether there can be a fee simple in an easement. There can be no doubt that by the established law of this Commonwealth the owner of a right like this in the land of another can grant to a third person part of his right. *Goodrich* v. *Burbank,* 12 Allen, 459. *French* v. *Morris,* 101 Mass. 68. *Amidon* v. *Harris, supra. J. S. Lang Engineering Co.* v. *Wilkins Potter Press,* 246 Mass. 529. There is no additional burden imposed by the grantee. Nothing granted to the plaintiff enables it to do anything which the original grantee could

not have done. The latter could have hung a toll cable of its own from the cross arms upon its poles. It could have put up guy wires or poles needed for the support of the poles carrying the cable, and such apparatus as was necessary to enable its wires so hung to transmit telephone and telegraph messages. The plaintiff has done no more, and claims no right to do more.

There was no error in the decree.

*Decree affirmed.*