■ STANLEY FAULKNER et al., Appellants, v KINGSTON CABLEVISION, INC., Respondent.—Appeal from an order of the Supreme Court at Special Term, entered February 10, 1976 in Ulster County, which denied plaintiffs' motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint. Plaintiffs are owners in fee of

real property located in the Town of Woodstock, Ulster County, and defendant is a cabletelevision company, incorporated under section 3 of the Transportation Corporation Law and operating under article 28 of the Executive Law. In 1964, plaintiffs' predecessor in title granted to the Central Hudson Gas & Electric Corporation and the New York Telephone Company and "their respective successors and assigns" an easement over the property in question, including the right to construct, operate and maintain cables thereon. Pursuant to this easement and a pole attachment agreement between itself and the Telephone Company, defendant proceeded to attach its cables to five utility poles located on plaintiffs' land in June of 1975 after the telephone company had issued to it an approved application and license to take such action. When plaintiffs later challenged defendant's right to make the attachments and the dispute could not otherwise be resolved, the present action was commenced by service of summons and complaint in October, 1975. As noted above, Special Term ultimately ruled in favor of defendant and dismissed the complaint. Seeking a reversal of Special Term's order, plaintiffs make three contentions on this appeal, to wit: that the attachment of defendant's cable to the five utility poles without plaintiffs' permission is an illegal appropriation of land; that plaintiffs' ownership and use of their property is inviolate and said property cannot be taken or used except by due process of law and compensation paid therefor; and that this court has jurisdiction, pursuant to section 871 of the Real Property Actions and Proceedings Law, to grant an injunction directing the removal of defendant's cable and to award damages. Only recently these same issues have been raised and decided in favor of the defendant cablevision company in *Hoffman v Capitol Cablevision System* (52 AD2d 313.) On the authority of our decision therein, we here affirm the order of Special Term. Order affirmed, with costs. Koreman, P. J., Greenblott, Kane, Main and Reynolds, JJ., concur.