The issue presented in this case is whether Alabama Power Company ("APCo") has the right to apportion certain rights-of-way deeded to it and/or taken by condemnation. Specifically, APCo wishes to share with American Telephone and Telegraph Company ("AT T") the fiber optic telecommunication lines installed on APCo's electrical transmission easements that cross the property of the defendant landowners. The landowners appeal from a summary judgment entered in favor of APCo. We affirm.
The APCo filed this action on October 30, 1990, seeking a temporary restraining order and preliminary and permanent injunctions to prevent Quentin Crommelin from interfering with APCo employees who were attempting to install a fiber optic telecommunications line on the APCo easement that crosses Crommelin's real property.[1] Quentin Crommelin filed a class action counterclaim against APCo.[2] The theory of the counterclaim was that the placement of fiber optic cable was an additional burden on the servient estate. The counterclaim included claims of trespass, ejectment, and inverse condemnation. The landowners subsequently amended their counterclaim to concede that APCo has the right to install fiber optic lines within those easements (like those over Crommelin's and Barrett's land) wherein it has the right to install "telephone lines." The only remaining issue is whether APCo can share the use of its communication line with AT T.
The case came before the trial court on motions for summary judgment filed by both APCo and the landowners. The trial judge entered a summary judgment for APCo, as follows: *Page 685 
 "ORDER GRANTING PLAINTIFF'S MOTIONS FOR SUMMARY JUDGMENT
 "This matter comes on for decision upon motions for summary judgment by the Plaintiff, Alabama Power Company ('APC'), and a motion for partial summary judgment by the Defendants and Intervenors (collectively, 'Defendants'). The undisputed facts include the following:
 "The Crommelin Defendants in 1951 and Barrett's predecessors in 1948 conveyed to APC by identical deeds a right-of-way including 'the right to construct, operate and maintain electric transmission lines and all telegraph and telephone lines, towers, poles and appliances necessary or convenient in connection therewith from time to time upon . . . a strip of land . . . together with all the rights and privileges necessary or convenient for the full enjoyment or use thereof for the purposes above described, including the right of ingress and egress to and from said strip. . . .'
 "Defendant Cousins' property was condemned in 1949 pursuant to an application which sought, in pertinent part, 'the right to construct and erect on, across and over said lands such tower, pole and wire lines, and all appliances necessary, convenient and useful in connection therewith for such purposes, together with all the rights conferred by law and all that are necessary, useful or convenient to the enjoyment of said ways and rights-of-way. . . .'
 "Pursuant to an agreement between APC and American Telephone and Telegraph Company ('AT 
T'), APC has undertaken to replace the existing 'ground' wire on the subject transmission line with a different ground wire cable, visually indistinguishable from the former, which also contains a small bundle of hair-sized optical communication fibers. A portion of these fibers is reserved for APC's exclusive use as a part of its internal communication network, and a portion of the fibers is reserved for the use of AT T for a term of years, following which the use of these fibers reverts to APC. The entire line is owned by APC, which is solely responsible for its operation, maintenance and repair. The cost of installing the line [and] the annual maintenance cost during the term of the agreement are to be borne by AT T.
 "The Defendants have filed a series of amendments to their original counterclaim which have simplified the issues. The Defendants have stipulated that fiber optic communication lines are the equivalent of 'telephone lines,' and that APC has the right to install fiber optic communications lines within those easements [like those across Crommelin's and Barrett's lands] wherein it has the right to install 'telephone lines.' Further, Defendants have expressly alleged that they do not contest or attack 'the authority of the Alabama Power Company to use the easement areas covered by the Cousins-type condemnation order for the transmission of telecommunications in connection with the manufacture, distribution and sale of electrical power to the public. . . .'
 "In light of Defendants' current position, there is no longer any issue in this case of whether or not APC has the right to install and operate fiber optic communication cables along its rights-of-way, regardless of whether obtained by deed or condemnation. The sole remaining issue is whether or not APC can lawfully share the use of its communication lines with AT T.
 "Although the Defendants have filed affidavits and sought extensive discovery, they have not pointed to any genuine factual dispute which the Court views as material to the limited issue before the Court. Indeed, in the Defendants' own motion for partial summary judgment the Defendants themselves assert that the question of whether the Company can share with AT T its communication lines built on rights-of-way acquired by condemnation is a question of law to be determined from the language of the condemnation petition and order. The Court agrees with this *Page 686 
view, and further concludes that the closely related question of whether the Company can share with AT T its lines built on rights-of-way acquired by deed is similarly a question of law governed by the instruments themselves and the undisputed material facts. The Court finds that the far-reaching discovery sought by the Defendants and objected to by Plaintiff does not involve facts material to the issue before the Court (or is merely cumulative as to facts not genuinely disputed), that Plaintiff's objection[s] to their discovery are meritorious, and Defendants' motions to compel are denied.
 "Based upon the extensive briefs and arguments of counsel for both parties, the Court finds and concludes that under the prevailing authorities and the facts of this case Alabama Power Company can lawfully share the use of its communication lines with another entity such as AT T, regardless of whether its rights-of-way [were] obtained by deed or by condemnation proceedings, and that Alabama Power Company is entitled to summary judgment as to all claims of the Defendants and Intervenors. The Court finds that the Plaintiff's objections to the proposed class action are well-taken, and the request for class certification is denied.
 "Accordingly, it is the final ORDER, JUDGMENT and DECREE of this Court that the motions for summary judgment filed by the Plaintiff Alabama Power Company be and the same are hereby GRANTED, and final judgment is entered in favor of the Alabama Power Company on all claims. The motion for partial summary judgment filed by the Defendants/Intervenors is DENIED.
"DONE and ORDERED this 21st day of June, 1991.
 "/s/ Steve Drinkard "CIRCUIT JUDGE"
APCo owns rights-of-way from Columbus, Georgia, to Montgomery, Alabama. They pass through Elmore County, Alabama, through the land owned by the defendant landowners. These rights-of-way were obtained between 1948 and 1951 by deed from all of the defendant landowners save Cousins, from whom a right-of-way was acquired by condemnation. From the time the case was filed until the hearing on the motions for summary judgment, the landowners filed amendments to their original counterclaim to simplify the issues. As Judge Drinkard noted in his order, the substantive issue before the trial court was a very narrow one.
The question before us is whether the trial court erred in holding that APCo has the right, as a matter of law in this case, to share its easement with AT T without obtaining the permission of, or compensating the owner of, the servient estate. Rule 56, A.R.Civ.P., sets forth a two-third standard for determining whether to enter a summary judgment. In order to enter a summary judgment, the trial court must determine: 1) that there is no genuine issue of material fact, and 2) that the moving party is entitled to a judgment as a matter of law. In determining whether a summary judgment was properly entered, the reviewing court must view the evidence in a light most favorable to the nonmovant. See Turner v. Systems Fuel, Inc.,475 So.2d 539, 541 (Ala. 1985); Ryan v. Charles Townsend Ford,Inc., 409 So.2d 784 (Ala. 1981). Rule 56 is read in conjunction with the "substantial evidence rule" (§ 12-21-12, Ala. Code 1975), for actions filed after June 11, 1987. See Bass v.SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala. 1989). In order to defeat a defendant's properly supported motion for summary judgment, the plaintiff must present "substantial evidence," i.e., "evidence of such weight and quality that fairminded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." West v. Founders Life Assurance Co. of Florida,547 So.2d 870, 871 (Ala. 1989).
The trial judge had before him deeds for easements that give to APCo as grantee
 "the right to construct, operate and maintain electric transmission lines and all telegraph and telephone lines, towers, poles and appliances necessary or convenient in connection therewith from time to time upon . . . a strip of land . . . *Page 687 
together with all the rights and privileges necessary or convenient for the full enjoyment or use thereof for the purposes above described, including the right of ingress and egress to and from said strip. . . ."
Defendant Cousins's property was condemned in 1949 and APCo was granted
 "the right to construct and erect on, across and over said lands such tower, pole and wire lines, and all appliances necessary, convenient and useful in connection therewith for such purposes, together with all the rights conferred by law and all that are necessary, useful or convenient to the enjoyment of said ways and rights-of-way. . . ."
The interpretation of such easements is a question of law for the court and is appropriately resolved on a motion for summary judgment. Turner v. Lassiter, 484 So.2d 378 (Ala. 1985). The trial judge did not err in finding that there is no ambiguity here. The deeds and condemnation order clearly grant APCo the right to replace the existing ground wire with new ground wire, even wire with fiber optics that have telecommunications capabilities. Collins v. Alabama Power Co., 214 Ala. 643, 645,108 So. 868 (1926); M M Investment Co. v. Regency OaksApartments, 517 So.2d 591 (Ala. 1987).
The question of apportionment of easements by utility companies has been raised most recently around the country in cases involving cable television. Many courts have found that utility companies are authorized to share or apportion their easement rights with a third party, without obtaining the permission of, or compensating the owner of, the servient estate.[3] For example, in Centel Cable Television Co. v. Cook,58 Ohio St.3d 8, 567 N.E.2d 1010 (1991), the language of deeded easements, such as those in this case, was also found sufficient in and of itself to indicate the grantor's intent to convey the right to apportion. An apportionment such as the one contemplated by APCo in this case has been held not to constitute an additional servitude. Salvaty v. Falcon CableTelevision, 165 Cal.App.3d 798, 212 Cal.Rptr. 31 (1985). The trial judge did not err in holding that APCo has a right, as a matter of law, to apportion the lines to AT T.
The landowners also contend that the trial court erred in failing to delay a hearing on APCo's motion for summary judgment so as to allow for further discovery, and they contend that they were denied sufficient discovery. We affirm the judgment of the trial court on the authority of Rule 56(f), A.R.Civ.P.; Reeves v. Porter, 521 So.2d 963, 965 (Ala. 1988);Salter v. Alfa Insurance Co., 561 So.2d 1050, 1054 (Ala. 1990); and Poole v. Henderson, Black Greene, Inc., 584 So.2d 485,487 (Ala. 1991). The discovery sought by the landowners was not material to the limited issue before the trial court.
The landowners also argue that the trial court erred to reversal by failing to conduct an evidentiary hearing on class action certification. We disagree. The landowners designated the class they sought to represent as being "all landowners who owned title to real property over which [APCo] had installed a fiber optics cable in concert with AT T where it had no lawful easement to do so." That issue was determined by the trial court in its holding that APCo could lawfully install the fiber optics cable within its easements. The trial judge thus did not err.
For the reasons stated above, APCo's summary judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS, HOUSTON, STEAGALL, KENNEDY and INGRAM, JJ., concur.
[1] The trial judge first granted a T.R.O., then later dissolved it because he did not find that Crommelin took any action or prohibited APCo in any way from doing anything. APCo had already completed its work on Crommelin's land, and, thus, the injunctive relief was moot.
[2] The counterclaim was joined by landowners Penton Cousins, Winston H. Barrett, Jr., Henry Crommelin, Jr., Sally H. Crommelin-Dell, and Harriet Crommelin.
[3] Jolliff v. Hardin Cable Television Co., 26 Ohio St.2d 103,269 N.E.2d 588 (1971); Hoffman v. Capitol Cablevision System, Inc.,52 A.D.2d 313, 383 N.Y.S.2d 674 (1976), app. den., 40 N.Y.2d 806, 390 N.Y.S.2d 1025, 359 N.E.2d 438 (1976); Faulkner v.Kingston Cablevision, Inc., 53 A.D.2d 948, 386 N.Y.S.2d 358
(1976), app. den., 40 N.Y.2d 805, 388 N.Y.S.2d 1025,356 N.E.2d 1233 (1976); Henley v. Continental Cablevision of St. LouisCounty, Inc., 692 S.W.2d 825 (Mo.App. 1985). *Page 688