[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#112) AND THE PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT (#119)
Presently before this court is the defendants' motion for summary judgment, filed on March 7, 2002, and the plaintiffs' cross-motion for summary judgment, filed on May 17, 2002. The plaintiffs are Chijian Zhang and Yuzhi Hu, the property owners of 280 Morehouse Drive, Fairfield, Connecticut. The defendants are Omnipoint Communications Enterprises, Inc. and Omnipoint Communications, Inc. a/k/a Voicestream Wireless, corporations licensed to provide personal communication services in Connecticut.[1] This case arises out of the plaintiffs' efforts to enjoin the defendants' continued use of an easement over the plaintiffs' property, part of which was assigned to the defendants by Connecticut Light and Power (CLP), the original grantee of the easement.
 BACKGROUND
In this action, the plaintiffs seek an order compelling the defendants to restore their property to its original condition and to refrain from further trespass thereon.[2] The plaintiffs also seek money damages and any other equitable relief that may be granted.
According to the evidence, in 1923, Mary Erdley, a predecessor in interest to the plaintiffs, agreed to "give, grant, bargain, sell and confirm unto . . . The Connecticut Light and Power Company" (CLP) an easement allowing CLP to "erect, inspect, operate, replace, repair and patrol, and permanently maintain on said right of way, poles and towers, with necessary conductors, wire, cross arms, guy wires and other usual fixtures and appurtenances used or adapted for the transmission of electric current and used or adapted for telephone purposes" It is undisputed that in December of 2000, the defendants, over the objections of the plaintiffs and pursuant to authority granted by CLP, entered onto the easement and installed wireless telecommunication equipment. CT Page 13664
The defendants move for summary judgment on the ground that there is no genuine issue of material fact and they are entitled to judgment as a matter of law because the easement permitted the servient estate to be used for wireless telecommunication purposes and the easement was partially assignable to the defendants. In support of their motion, the defendants provided the court with: a memorandum of law; a certified copy of the easement; a certified and authenticated report of title; uncertified, unauthenticated transcripts from Chijian Zhang's hearing testimony; and an authenticated "Site Permitting Authorization" letter from Brendan Sharkey, a zoning manager for the defendants. The defendants also filed both a reply memorandum of law and a supplemental memorandum of law in further support of their position.
The plaintiffs countered by filing a cross-motion for summary judgment on the grounds that there is no genuine issue of material fact and they are entitled to judgment as a matter of law because the easement language does not allow the property to be used for wireless telecommunication services and that the defendants do not hold a valid partial assignment. The plaintiffs also filed a memorandum of law in opposition to the defendants' motion for summary judgment and authenticated photos that show the defendants' telecommunications equipment on the plaintiffs' property.[3] The plaintiffs incorporate the arguments from their memorandum of Law into their cross-motion for summary judgment. Additionally, the plaintiffs filed an objection to the defendants' supplemental memorandum of law.
 DISCUSSION
"The party seeking for summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide anevidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Buell Industries,Inc. v. Greater New York Mutual Ins. Co., 259 Conn. 527, 550, 791 A.2d 489
(2002). "[A]lthough the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]." (Internal quotation marks omitted.) Id. "Summary CT Page 13665 judgment in favor of the defendant is properly granted if the defendant in its motion raises at least one legally sufficient defense that would bar the plaintiff's claim and involves no triable issue of fact." (Internal quotation marks omitted.) Serrano v. Burns, 248 Conn. 419,424, 727 A.2d 1276 (1999).
 I
The defendants contend that there is no genuine issue of material fact and they are entitled to judgment as a matter of law because they have acted within the intended purpose of the easement. They contend that the easement granted CLP the right to use the servient estate for both the transmission of electrical current and telephone purposes and therefore permits the servient estate to be used for wireless telecommunication purposes. The plaintiffs counter that the defendants, by using the servient estate for wireless telecommunication services, have effectively broadened the intended purpose of the easement. Specifically, the plaintiffs argue that the easement's limited purpose is for the transmission of electrical current, which requires different equipment than that installed by the defendants.
"The principles governing our construction of conveyance instruments are well established. In construing a deed, a court must consider the language and terms of the instrument as a whole. . . . Our basic rule of construction is that recognition will be given to the expressed intention of the parties to a deed or other conveyance, and that it shall, if possible, be so construed as to effectuate the intent of the parties. . . . In arriving at the intent expressed . . . in the language used, however, it is always admissible to consider the situation of the parties and the circumstances connected with the transaction, and every part of the writing should be considered with the help of that evidence. . . . The construction of a deed in order to ascertain the intent expressed in the deed presents a question of law and requires consideration of all its relevant provisions in the light of the surrounding circumstances. . . . Thus, if the meaning of the language contained in a deed or conveyance is not clear, the trial court is bound to consider any relevant extrinsic evidence presented by the parties for the purpose of clarifying the ambiguity." (Citations omitted; internal quotation marks omitted.) IlGiardino, LLC v. Belle Haven Land Co., 254 Conn. 502, 510-11, 757 A.2d 1103
(2000).
In its determination of the parties' intent, the court is limited to the language of the easement as neither party has provided the court with any extrinsic evidence. The easement at issue granted CLP the right to CT Page 13666 "erect, inspect, operate, replace, repair and patrol, and permanently maintain on said right of way, poles and towers, with necessary conductors, wires, cross arms, guy wires and other usual fixtures and appurtenances used or adapted for the transmission of electric current . . . and used or adapted for telephone purposes . . ." (Defendants' Memorandum, Exhibit B) Thus, according to its language, the easement expressly grants CLP the right to use the servient estate for both the transmission of electric current and for telephone purposes. Furthermore, by use of the word "and" rather than "or", the easement allows both uses to be exercised concurrently.
Moreover, a beneficiary of an easement is not limited to using the property in the specific manner in which the property was used at the time the easement was created. Indeed, our Supreme Court recognizes that easements should be interpreted to allow beneficiaries to incorporate technological advances into their use of easements. Abington Ltd.Partnership v. Heublein, 246 Conn. 815, 831, 717 A.2d 1232 (1998). "[T]he beneficiary of an easement [can] make any use of the servient estate that is reasonably necessary for the convenient enjoyment of the servitude for its intended purpose. The manner, frequency, and intensity of the beneficiary's use of the servient estate may change over time to take advantage of developments in technology and to accommodate normal development of the dominant estate or enterprise benefitted by the servitude." (Internal quotation marks omitted.) Id., citing to 1 Restatement (Third), Property, Servitudes § 4.10, pg. 592 (1998). Because our courts interpret easements to allow beneficiaries to take advantage of developments in technology, the court finds that the easement permits the servient estate to be used for wireless telecommunication purposes.
 II
As to the issue of the validity of the assignment of the easement, the defendants contend that CLP is permitted to assign a portion of its rights under the easement to the defendants. Specifically, the defendants argue that because CLP had an exclusive easement, it could therefore assign to the defendants the right to undertake any action that CLP itself could undertake. Although the plaintiffs admit that the easement allows CLP to assign all of its rights thereto, they contend that it does not allow CLP to grant a portion of its rights to a third party while retaining other rights for itself.
Although this issue is one of first impression in this state, this court finds the reasoning exercised by courts in other jurisdictions as persuasive. Pursuant to these courts, the determination of whether an CT Page 13667 easement holder can assign a portion of its rights to a third party depends on whether the easement is "exclusive" or "non-exclusive." The Missouri Court of Appeals explained "[i]t is well settled that where the servient owner retains the privilege of sharing the benefit conferred by the easement, it is said to be `common' or nonexclusive, and therefore not subject to apportionment by the easement owner. Conversely, if the rights granted are exclusive of the servient owners' participation therein, divided utilization of the rights granted are presumptively allowable. This principle stems from the concept that one who grants to another the right to use the grantor's land in a particular manner for a specified purpose but who retains no interest in exercising a similar right himself, sustains no loss if, within the specifications expressed in the grant, the use is shared by the grantee with others. On the other hand, if the grantor intends to participate in the use or privilege granted, then his retained right may be diminished if the grantee shares his right with others." Henley v. Continental Cablevision of St. LouisCounty, Inc., 692 S.W.2d 825, 827-28 (Mo.Ct.App. 1985) (permitting electric company and telephone company to "license or authorize" installation of cable television wires on exclusive easement used for electric and telephone wires); see also Cousins v. Alabama Power Co.,597 So.2d 683, 687 (Ala. 1992) (permitting power company to apportion its electrical transmission easement to share fiber optic telecommunication lines with telephone company); Salvaty v. Falcon Cable Television,165 Cal.App. 798, 804, 212 Cal.Rptr. 31 (1985) (permitting telephone company to apportion its exclusive telephone and electric wire easement to cable television company); American Telephone and Telegraph Co. ofMassachusetts v. McDonald, 273 Mass. 324, 326, 173 N.E. 502 (1930) (permitting telephone company to grant part of its right in exclusive telephone wire easement to another telephone company); Centel Cable Television Co. of Ohio, Inc. 58 Ohio St.3d 8, 10-11, 567 N.E.2d 1010
(1991) (permitting electric company to apportion its exclusive electric wire easement to cable company); Jolliff v. Hardin Cable Television Co.,26 Ohio St.2d 103, 106-07, 269 N.E.2d 588 (1971) (permitting electric company to sub-lease its electric wire easement to cable television company); Orange County v. Citgo Pipeline Co., 934 S.W.2d 472, 475
(Tex.App.-Beaumont 1996) (permitting a pipeline company to partially assign its interest in pipeline easement to another pipeline company); 5 Restatement, Property, Servitudes § 493, comments (c) and (d) (1944).
Thus, the issue is whether CLP held an exclusive, and therefore transferrable, easement. The easement provides that the grantor: "[Reserves], however, to myself and to my heirs and assigns, the right to cultivate the ground between said poles and towers and beneath said wires, provided that such use shall not interfere with or obstruct the CT Page 13668 rights herein granted." (Defendant's Memorandum, Exhibit B.) The easement was granted to "said grantee and to its successors and assigns forever, to its and their own proper use and behoof." (Defendant's
Memorandum, Exhibit B.) The plaintiffs have not provided any evidence to show that the grantor had any interest in providing utility services or that any subsequent owner of the property used the property to transmit electricity or telephone current. Thus, the easement precludes the property owner from interfering or obstructing CLP's use of the easement. Therefore, by its language, the easement grants CLP the right to assign the easement. This court therefore finds as a matter of law that CLP held exclusive electrical and telephone rights which it could transfer to the defendants.
For the reasons stated above, the defendants' motion for summary judgment is granted, and the plaintiffs' cross-motion for summary judgment is denied.
 ___________________, J. GALLAGHER